IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL FELD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VICEROY DEVICES CORPORATION and STEPHEN ELLIS,<br><br>　　　　　Defendants. | **ORDER AND MEMORANDUM DECISION AWARDING PLAINTIFF ATTORNEY'S FEES**<br><br><br>2:23-cv-00353-TC<br><br>Judge Tena Campbell |

　　　　　On June 2, 2023, the court found that removal of this case to the United States District Court for the District of Utah was improper and remanded the action to the Supreme Court of the State of New York in New York County. (Order, ECF No. 6.) The court also awarded attorney's fees to Plaintiff Michael Feld, finding that the requirements of the removal statute, 28 U.S.C. § 1441, were clear, and that therefore "the removing party lacked an objectively reasonable basis for seeking removal." Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253 (10th Cir. 2010) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)); see also 28 U.S.C. §1447(c). The court then denied a motion to reconsider its decision filed by Defendants Viceroy Devices Corporation d/b/a Deviceroy Corporation ("Deviceroy") and Stephen Ellis. (Order, ECF No. 16.)

The Plaintiff has submitted a Memorandum of Attorney's Fees (ECF No. 11) asking for an award of $10,712.50. The Defendants object to the timeliness of this award and the reasonableness of the amount requested. The court addresses each of these arguments in turn.

A. **Timeliness**

The Defendants argue that the Plaintiff's Memorandum of Attorney's Fees was not timely because it was filed on June 30, 2023, which was 28 days after the date of the court's June 2, 2023 order awarding attorney's fees. The Defendants cite Local Rule of Civil Practice 54-2, which requires both a bill of costs and a motion for attorney's fees to be filed within 14 days after entry of judgment. See DUCivR 54-2. The local rule reflects the requirement in Federal Rule of Civil Procedure 54(d) that a motion for attorney's fees "be filed no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B)(i).

The court finds that the Plaintiff's motion itself was timely, as the request for attorney's fees was made simultaneously with the Plaintiff's motion for remand. (ECF No. 5.) Therefore, the only issue is whether the Plaintiff's memorandum detailing the amount of those attorney's fees was also timely.

The statute allowing for attorney's fees on a motion to remand, 28 U.S.C. § 1447(c), does not specify any time restrictions, but the court agrees with the Defendants that a memorandum of attorney's fees should generally be submitted within 14 days of an award. Both Federal Rule 54(d) and the local rule contemplate that a motion for attorney's fees should include the amount sought, see Fed. R. Civ. P. 54(d)(2)(B)(iii); DUCiv4 54-2(f), and therefore the court finds that the same 14-day deadline applies to a memorandum of attorney's fees unless otherwise specified. But both the Federal Rule and the local rule also allow the court to modify these

deadlines. See Fed. R. Civ. P. 54(d)(2)(B) (stating that deadlines are applicable "[u]nless a statute or a court order provides otherwise…"); DUCivR 54-2(f) (stating that deadlines are applicable "[u]nless otherwise provided by statute or extended by the court under Fed. R. Civ. P. 6(b)…").

Here, the court finds good cause to extend these deadlines because the Defendants filed a motion for relief before the 14-day period had run. The court treated that motion as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and a motion under that rule tolls the deadline for an appeal. See Fed. R. App. P. 4(a)(4)(A)(iv).[1] Given that a memorandum for attorney's fees would have been moot had the court ruled in the Defendants' favor and that the Plaintiff had to expend time and resources responding to the Defendants' motion, the court finds good cause to similarly extend the deadline for the Plaintiff to submit a memorandum of attorney's fees. See also Fed. R. Civ. P. 6(b)(1)(B) (allowing the court to extend the time in which a party must act after the deadline has passed if the failure to act was due to "excusable neglect").

The court also finds that Defendants did not suffer prejudice from the short delay, especially as the parties were still briefing the Defendants' motion for relief before the Plaintiff filed his memorandum.

The Defendants argue that "the entire matter before the Court revolved around a strict reading of federal rules regarding removal," and asks the court to read the rules about filing deadlines in a similarly strict manner. (ECF No. 17, at 5.) But the court has no authority to

---

[1] A motion under Rule 60(b), as the Defendants alternately styled their motion, also stays the appeal deadline. See Fed. R. App. P. 4(a)(4)(A)(vi).

3

contravene the requirements of the United States Code, and the Defendants have yet to provide a plausible reading or any supporting authority for an interpretation of the removal statute that is less strict than its clear meaning.  In contrast, both the Federal Rules of Civil Procedure and this court's local rules grant the court ample discretion in these circumstances to extend deadlines where there is good cause to do so and no prejudice to the non-prevailing party.

For the foregoing reasons, the court finds that the Plaintiff's memorandum was timely.

**B.  Reasonableness**

The Defendants argue that both the amount of time to prepare the motion to remand and the billing rates of Plaintiff's counsel are unreasonably excessive.  The court is unpersuaded.  The invoice filed by the Plaintiff lists 13.1 hours split between three attorneys to review the removal papers and draft the 8-page motion.  (ECF No. 11-21, at 5-7.)  The motion was well-written, and the court finds that 13.1 hours is not an unreasonable amount of time required to prepare such a document.

Furthermore, the billing rates for the three attorneys ($575 per hour, $675 per hour, and $1200 per hour) are not unreasonable for the New York City market, especially where the top rate is for an attorney of counsel with extensive experience.  (See ECF No. 11-2.)

The court agrees with the Defendants, however, that the court awarded "reasonable attorney's fees and costs in bringing the motion to remand."  (Order, ECF No. 6, at 2 (emphasis added).)  The court declines to award the Plaintiff any attorney's fees for the time counsel spent

4

analyzing the court's order after the order was issued. Therefore, the court reduces the value of requested attorney's fees by $1,262.50.[2]

Finally, the Defendants argue that an award of attorney's fees will be a "significant financial hardship" and should be reduced accordingly. (ECF No. 17, at 6.) The court finds that an award of $9,450 is not unduly burdensome. Rather, the award is commensurate with the Congressional purpose of allowing attorney's fees under § 1447(c) to protect against abuse of the removal process. See Martin, 546 U.S. at 140 ("Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.").

## C. Other Arguments

The Defendants suggest that the court ordered attorney's fees "sua sponte" (ECF No. 17, at 5), but the award was made upon Plaintiff's motion. The court issued its order promptly as the court was concerned about the pending state court deadlines and found it clear that there was no objectively reasonable basis for removal to the District of Utah. Before assessing an award, however, the court has carefully considered both the Defendants' motion for relief (ECF No. 8) and the Defendants' objections (ECF No. 17) to the Plaintiff's memorandum for attorney's fees, thereby providing Defendants with notice and an opportunity to respond. See Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv., No. 22-4022, at 13 (10th Cir. Aug. 8, 2023) ("[T]he court afforded the protections required for imposing civil penalties: notice and an opportunity to respond").

---

[2] This number equals the sum of 0.5 hours ($600) billed by LD Corwin, 0.3 hours ($202.50) billed by TE Hafen, and 0.8 hours ($460) billed by MM Caminiti to review the court's order. (See ECF No. 11-1, at 5-7.)

Finally, the Defendants request that this court reserve any award of fees "to be added or subtracted from the final judgment in this case." (ECF No. 17, at 10.) This request misapprehends the scope of the court's authority. Having been remanded due to improper removal, this action is now closed in this court and the court has no authority to add or subtract the amount of this court's award of attorney's fees from any judgment the parties may receive in another court. The court therefore declines to stay its award of attorney's fees.

## ORDER

For the foregoing reasons, the court awards the Plaintiff $9,450 in attorney's fees.

SO ORDERED this 16th day of August, 2023.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge